UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
PAUL W. GRIMM
CHIEF UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

August 15, 2011

Robert G. Skeen, Esq.
Skeen Goldman LLP
11 E. Lexington Street, 4th Fl.
Baltimore, MD 21202

Alex S. Gordon, AUSA
36 South Charles Street
4th Floor
Baltimore, MD  21201

**Re: Julia Fogle o/b/o RDF v. Michael J. Astrue,
Commissioner of Social Security, PWG-09-3155**

Dear Counsel:

Pending before this Court, by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying minor child RDF's claim for Children's Supplemental Security Income ("SSI"). (ECF Nos. 11,14,18). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). A hearing is unnecessary. Local Rule 105.6. For the reasons that follow, this Court DENIES the Plaintiff's Motion and GRANTS the Commissioner's Motion.

Julia Fogle, on behalf of her son, "RDF" (sometimes referred to as "Claimant" or "RDF") applied for childhood SSI on September 16, 2002, alleging that he was disabled due to attention deficit hyperactivity disorder ("ADHD"). (Tr. 70, 83, 180). His claim was denied initially, and upon reconsideration.(Tr. 24). After a hearing was held before an Administrative Law Judge ("ALJ"), the Honorable William B. Harmon, the ALJ issued an unfavorable decision on May 24, 2006. The Appeals Council denied Claimant's request for review and an appeal was filed with this Court (JKB-06-2677). On August 8, 2008 the Honorable James K. Bredar entered an Order vacating the ALJ's decision, and remanding the case back to the Agency for

further proceedings.(Tr. 201-203). A second hearing was held before a different ALJ, the Honorable Robert J. Brown, on February 12, 2009. On July 28, 2009, the ALJ issued a decision in which he evaluated RDF's claim for children's SSI benefits using the three-step sequential process set forth in 20 C.F.R. § 416.924. The ALJ's findings at steps one and two were favorable to Claimant and the ALJ found RDF had the following severe impairment: ADHD.(Tr. 183). At step three, however, the ALJ found that the Claimant did not have an impairment or combination of impairments that met any listed impairment. (Tr. 185). Additionally, the ALJ determined that Claimant did not have an impairment or combination of impairments that would be functionally equivalent[1] to any listed impairment.(Tr. Id.). Therefore, the ALJ determined that the Claimant was not disabled for purposes of children's SSI benefits. (Tr. 180-193). The Appeals Council denied RDF's request for review, making his case ready for judicial review.

RDF alleges that the ALJ made one substantial error. He maintains the ALJ failed to give proper weight to evidence which demonstrates that he has "marked" and "extreme" limitations in all the pertinent domains of functioning which, he contends, establishes that his condition is functionally equated to a Listing. The Commissioner argues that the ALJ's findings that RDF did not have any "marked" or "extreme" limitations is supported by substantial evidence. *See* Defendant's Memorandum, pp. 9-14. As explained below, after careful review of the entire record and the ALJ's decision, I conclude that substantial evidence supports the ALJ's decision and therefore will DENY the Plaintiff's Motion for Summary Judgment, and GRANT the Commissioner's Motion.

First, Claimant argues that the ALJ failed to give proper weight to the evaluation of the consultative examiner, Dr. Kraft. Exhibit 6-F. (Tr. 251-256). Claimant argues that this report supports a finding that RDF has extreme difficulty in areas such as interacting with others. In particular, he argues that Dr. Kraft's notation that RDF had altercations in class, and had feelings of anger support a finding that he had marked limitation interacting with others. However, the ALJ discussed Dr. Kraft's opinions, including the testing he completed and his

---

[1] Functional equivalence is determined by rating a child's abilities with respect to six "domains." 20 C.F.R. § 416.926a

2

findings that RDF was fidgety during testing but, was able to be redirected and his insight and judgment were actually rated as "fair". Dr. Kraft's ultimate opinion was that RDF had ADHD, a GAF of 65, and his academic skills were in the low to average range. (Tr. 252-254). The ALJ found Dr. Kraft's opinions regarding RDF's intelligence and psychological evaluation persuasive, and the ALJ ultimately rejected the opinions of Drs. Nissar, Shaikh, and Barash which Claimant also argues was improper. (Tr. 184).

A treating physician's opinion is given controlling weight when two conditions are met: 1) it is well-supported by medically acceptable clinical laboratory diagnostic techniques and 2) it is consistent with other substantial evidence in the record. *See Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996); *see also* 20 CFR §404.1527(d)(2). While treating source opinions on issues reserved to the Commissioner--such as determining whether a Claimant meets a Listing--are not entitled to controlling weight, the ALJ still must evaluate all of the evidence in the case record to determine the extent to which the opinion is supported by the record. In this case, I find that the ALJ fulfilled this duty. The ALJ discussed Dr. Shaikh's & Dr. Barash's opinions that Claimant had "marked" impairments in all of the domains listed in 20 CFR §416.926(d) which if accepted would support a finding that RDF met a Listing. (Tr. 147). However, the ALJ found that their opinions were not fully supported by the evidence of record. (Id.). I agree.

For example, Dr. Barash stated that RDF's memory, concentration comprehension and social skills all appeared to be "fair". (Tr. 113). This is not consistent with Dr. Shaikh's finding of "marked" limitations in these areas. (Tr. 148). When viewed in its entirety, as is required, the evidence in the record supports the ALJ's determination to afford little weight to Dr. Shaikh's opinion. The ALJ discussed the evidence that contradicted Dr. Shaikh's opinions, including the opinions of state agency physicians but more importantly, the ALJ discussed the test results from Dr. Kraft and RDF's school records which were inconsistent with his opinions. (Tr. 124, 184-185).

For example, Ms. Gallagher, a speech language pathologist, found that RDF had only a "mild" weakness in the areas of associations and sentence imitation and that his overall language score was within normal limits. (Tr. 138). This evidence is not consistent with Dr. Shaikh's findings of

3

"marked" impairments statement that RDF "cannot identify or write simple alphabet and numbers". In sum, the ALJ's decision to reject the reports of Dr. Shaikh and Dr. Barash, and the ALJ's determination that RDF had less than marked limitations is supported by substantial evidence. (Tr. 148).

Thus, for the reasons given, this Court DENIES the Claimant's Motion for Summary Judgment and GRANTS the Commissioner's Motion. A separate Order shall issue.

    Sincerely,

    /s/
Paul W. Grimm
United States Magistrate Judge